705 F.2d 18
 113 L.R.R.M. (BNA) 2399, 97 Lab.Cas. P 10,071
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
COMMUNITY HEALTH SERVICES, INC., Respondent.
Local No. 5050, Federation of Community Health
Professionals, a/w Maine Federation of Teachers,
Nurses, and Health Professionals,
AFT/AFL-CIO, Intervenor.
COMMUNITY HEALTH SERVICES, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 82-1821, 82-1851.
 United States Court of Appeals,
First Circuit.
 Argued April 5, 1983.
Decided April 28, 1983.
 
 Robert A. Moore, Portland, Me., with whom A.M. Horton, and Verrill & Dana, Portland, Me., were on brief, for Community Health Services, Inc.
 Linda B. Weisel, Atty., N.L.R.B., Washington, D.C., with whom William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and Helen L. Morgan, Atty., N.L.R.B., Washington, D.C., were on brief, for the N.L.R.B.
 Michael Radzilowsky, Chicago, Ill., with whom Lawrence A. Poltrock, and DeJong, Poltrock & Giampietro, Chicago, Ill., were on brief, for intervenor.
 Before CAMPBELL, Chief Judge, HAYNSWORTH,* Senior Circuit Judge, and BREYER, Circuit Judge.
 BREYER, Circuit Judge.
 
 
 1
 Community Health Services, Inc. ("CHS"), argues that the National Labor Relations Board wrongly determined that the company's 55 professional employees formed an appropriate bargaining unit under Section 9(b) of the National Labor Relations Act, 29 U.S.C. Sec. 159(b). CHS argues that certain non-professional health workers should be included with the professionals. Having reviewed the record, we disagree. Indeed, were we to apply traditional standards of review of an NLRB bargaining unit determination, this claim would be frivolous. The Board need only choose an appropriate, not the most appropriate, unit. Marriott In-Flite Services v. NLRB, 652 F.2d 202, 205 (1st Cir.1981).
 
 
 2
 Community Health Services further argues that in the health care field, the NLRB has an additional obligation to prevent undue bargaining unit "proliferation"--an obligation that the Board has recently recognized in St. Francis Hospital, 265 N.L.R.B. No. 120 (Dec. 16, 1982). See S.Rep. No. 766, 93d Cong., 2d Sess. 5 (1974), reprinted in 1974 U.S.Code Cong. & Admin.News 3946, 3950; H.R.Rep. No. 1051, 93d Cong., 2d Sess. 6-7. This argument does not help CHS, however, for no matter what plausible "anti-proliferation" standard is used, the unit at issue here satisfies it. See Trustees of the Masonic Hall and Asylum Fund v. NLRB, 699 F.2d 626 (2d Cir.1983); NLRB v. HMO International/California Medical Group Health Plan, Inc., 678 F.2d 806 (9th Cir.1982); St. Francis Hospital, 265 N.L.R.B. No. 120, at 51 (Chairman Van de Water, dissenting). There is legislative history suggesting that Congress viewed an "all-professional" health care unit as appropriate, see Bumpass, Appropriate Bargaining Units in Health Care Institutions: An Analysis of Congressional Intent and Its Implementation by the NLRB, 20 B.C.L. Rev. 867, 872, 882-83 (1979); Section 9(b)(1) of the NLRB itself explicitly recognizes the right of professional employees to form their own bargaining unit, see 29 U.S.C. Sec. 159(b)(1); the 55 professionals here comprise over half of CHS's 95 health care employees; and there is no evidence whatsoever that the remaining nonprofessionals would have formed or will form many, rather than a few, additional units.
 
 
 3
 Finally, CHS points to language in the Regional Director's opinion which it reads to mean that the Regional Director wrongly believed that professional units in the health care industry are appropriate per se--i.e., no matter how small the number of professionals or how absurd the resulting unit. It would have been helpful had the Board or the Regional Director discussed the issue more thoroughly, but the cursory discussion may simply reflect CHS's failure to press the point as forcefully then as now. Indeed, in light of the record, we do not understand the Regional Director to have decided the case on the basis of the per se standard that CHS suggests. And, we see no reason for a remand, where the agency's opinion and the record make it implausible that any more detailed agency consideration, or more elaborate agency discussion, would change the result. See NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 1430 n. 6, 22 L.Ed.2d 709 (1969) (plurality opinion).
 
 
 4
 Application for enforcement granted; cross-petition for review denied.
 
 
 
 *
 Of the Fourth Circuit, sitting by designation